IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHNNY SWANSON III,        )
et al.,                    )
                           )
    Plaintiffs,            )
                           )
    v.                     )   CIVIL ACTION NO.
                           )   2:02cv644-T
NANCY WORLEY, etc., et al.,)      (WO)
                           )
    Defendants.            )
```

OPINION

This case challenging various aspects of Alabama's election laws governing independent candidates has taken on the realization of the mythical Greek Hydra: Just as the court resolves one claim, another appears in its place. The court has already granted summary judgment in favor of the state defendants on the plaintiffs' challenge to the 3 % signature requirement for independent candidates. Swanson v. Bennett, 219 F.Supp.2d 1225, 1231-1234 (M.D. Ala. 2002) (Swanson I); Swanson v. Bennett, 340 F.Supp.2d 1295, 1299-1301 (M.D. Ala. 2004) (Swanson II). It is also apparent that, while

partial preliminary-injunctive relief was appropriate on the plaintiffs' 'fair notice' challenge to the deadline-registration change for independent candidates in 2002, Swanson I, 219 F.Supp.2d at 1229-1230, that claim is now moot and thus is due to be dismissed. Swanson II, 340 F.Supp.2d at 1298-1299 ("[T]he only way the same wrong could recur for [the plaintiffs] would be if Alabama were to change the law regarding the registration deadline again and fail to give them notice of it again, or if they were to move to another State where the deadline was changed at the last minute. It appears from the current record that these things are not reasonably likely to occur.").

Now that the court has addressed and resolved these two claims, the plaintiffs assert that their claim challenging the deadline-registration change also includes a claim that the deadline-registration change (from six days after the second primary election to the day of the first primary election, 1975 Ala. Code

2

§ 17-7-1, unconstitutionally denies them the opportunity to collect signatures on the day of the primary election. According to the plaintiffs, "The primary polling places are the most viable source of successful petition drives for a variety of reasons including[:] the mindset of electors is on election issues, petitioners are assured that the elector is a registered voter, the electors['] district and polling places are readily apparent, electors are not suspicious of the petitioners' need for personal information, it is the only public place where petitioners' activities are welcomed, and it is the least costly means of obtaining signatures."[1]

However, other factors present in the Alabama election scheme "alleviat[e]," Swanson I, 219 F.Supp.2d at 1230, this perceived loss.  Alabama "does not restrict voters from signing petitions based on their party affiliation, nor does it restrict voters who have already voted in a primary from signing the petition.

---

1. Plaintiffs' brief (Doc. No. 89) at 5.

Independent candidates can seek signatures from voters who have already signed other petitions, and there are no restrictions on how many signatures may come from a specific geographical area.  Alabama does not restrict how many signatures can be submitted in an effort to meet the 3 % requirement, and the state allows unlimited time to conduct the petitioning effort."  Id.  The defendants also contend that Alabama needs the additional time afforded by the earlier, primary-election deadline to verify petition signatures and to perform other administrative duties connected to the election cycle.

Therefore, applying the balancing test and factors articulated in Swanson I, this court concludes that changing the deadline for independent candidates to collect signatures from six days after the second primary election to the day of the first primary election is "reasonable" and does not "put[] an unreasonable burden on independent candidates."  Id. See Jenness v. Fortson, 403 U.S. 431, 438 (1971) (deadline of primary election

4

for independent candidates to meet signature requirement is not "unreasonably early"); see also Council of Alternative Parties v. Hooks, 179 F.3d 64 (3d Cir. 1999); Wood v. Meadows, 207 F. 3d 708 4th Cir. 2000); Rainbow Coalition of Oklahoma v. Oklahoma State Election Board, 844 F. 2d 740 (10th Cir. 1988).[2]

An appropriate judgment will be entered.

DONE, this the 30th day of May, 2006.

                                       /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE

---

    2. The defendants add that, even with the deadline being the primary election day, independent candidates can still collect signatures on that day. The court, however, appreciates that it would be quite difficult, if not impossible in many instances, to prepare petitions and submit them to the designated state or local official and to have a meaningful opportunity to gather additional signatures, all on the same day.